UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT J. WEHR, | ) | 1:09-cv-02124-SMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **INFORMATIONAL ORDER** |
| | ) | **FOR PRO SE LITIGANT** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security that denied, in whole or in part, plaintiff's claim for benefits under the Social Security Act.

**This order provides the following helpful information, and basically serves as a step-by-step guide, for pro se litigants. It is strongly suggested that plaintiff read and re-read this order and keep it readily available for future reference.**

///
//
/

1

I. <u>Attempt at Informal Resolution of the Case</u>

On April 26, 2010, the United States Marshal effected service of process on defendant, and filed a Process Receipt and Return form with the Court (Doc. 12). Within **one hundred twenty (120) days** after service of the complaint, defendant is required to serve a copy of the administrative record on plaintiff, and also file the administrative record with the Court, which <u>serves as the answer to the complaint in this proceeding</u>.

Once the administrative record has been filed, the parties *must* try to resolve the case informally. In this process, the parties *must* exchange informal briefs in the form of letters about the case to see if they can agree that the case should be sent back, or "remanded," to the Social Security Administration for a further hearing by an administrative law judge.

In the letter brief, plaintiff *must* briefly set forth **(1)** the issues in the case, **(2)** the reasons why plaintiff thinks that plaintiff is entitled to Social Security benefits, and **(3)** why the decision to deny benefits should be remanded.

The letter brief *must* be marked "Confidential Letter Brief", should <u>not</u> be filed with the Court, and *must* be served on defendant **within thirty (30) days from the date defendant served plaintiff with the administrative record, by mailing copies to all the attorney(s) listed on the court docket as representing defendant,** Commissioner of Social Security, at the addresses noted on the court docket.

//
/

2

1  The name of the attorney(s) representing defendant are added to the court docket at the time the Court receives defendant's response to the complaint which, again, usually consists of the administrative record.  Sometimes the court docket lists not only an attorney at the office of the General Counsel of the Social Security Administration in San Francisco, CA, but also an attorney at the United States Attorney's Office in Fresno, CA; in these particular cases, it will then be necessary for plaintiff to mail copies of the confidential letter brief to more than one attorney for defendant.

Defendant's confidential letter brief *must* be served on plaintiff no later than **thirty-five (35) days** after defendant is served with plaintiff's confidential letter brief.

If the parties agree to a remand, then the case will go back to the Social Security Administration before any formal briefs are filed with the Court, and without the Court ever considering the merits of the case.  The parties' agreement to remand the case *must* be set forth in writing in a document titled "Stipulation and Order," which *must* be signed and filed with the Court no later than **fifteen (15) days** after defendant served its confidential letter brief on plaintiff. Local Rule 143(a)(1) & (b).

The informal letter briefs exchanged by the parties are confidential in the sense that they are not filed with the Court. If the parties are unable to agree to a remand, the letters are not part of the case file and, thus, are not before the Court if and when the Court finally considers the case on the merits.
//

II.  <u>Briefs</u>

If, after exchanging confidential letter briefs, the parties are unable to agree to a remand of the case, then the parties *must* file formal briefs with the Court as directed in the Scheduling Order.  It is only after the formal briefs are filed with the Court that the Court will consider the merits of the case and make a decision.

    A.  <u>Plaintiff's Opening Brief</u>

Plaintiff's opening brief *must* be filed and served no later than **thirty (30) days** from the date defendant's informal letter brief was served on plaintiff.  Plaintiff *must* serve a copy of the opening brief on <u>all</u> the attorneys listed for defendant on the court docket of the case at the addresses noted on the court docket.

Plaintiff *must* also file the original opening brief, together with a copy, with the Court, by either personal delivery or via U.S. mail to:

    Office of the Clerk
    United States District Court
    Eastern District of California
    2500 Tulare Street, Suite 1501
    Fresno, CA 93721

<u>Plaintiff's opening brief *must* contain the following</u>:

    **(1)**  a plain description of plaintiff's alleged physical or emotional impairments, when plaintiff contends they became disabling, and how they disabled plaintiff from work;

    **(2)**  a summary of the administrative proceedings before the Social Security Administration;

    **(3)**  a summary of the relevant testimony at the administrative hearing;

        **(4)**  a summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

        **(5)**  a recitation of the Social Security Administration's findings and conclusions relevant to plaintiff's claims;

        **(6)**  a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

        **(7)**  argument separately addressing each claimed error.

        All references to the administrative record and all assertions of fact *must* be accompanied by citations to the administrative record.  Argument in support of each claim of error *must* be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case.  <u>Briefs that do not substantially comply with these requirements will be stricken</u>.  A document that is stricken becomes null and void and is not considered by the Court for any purpose.

        **<u>Plaintiff is further advised that failure to timely file an opening brief will result in dismissal of the action</u>**.

///

//

/

B. <u>Defendant's Brief</u>

Pursuant to the Scheduling Order, defendant's responsive brief is due filed and served on plaintiff within **thirty (30) days** from the date of service of plaintiff's opening brief on defendant.

C. <u>Plaintiff's Reply Brief</u>

Plaintiff may file a reply brief, but is not required to do so, within **fifteen (15) days** from the date defendant served its responsive brief on plaintiff. Plaintiff *must* serve a copy of the reply brief on defendant by serving the United States Attorney for the Eastern District of California at the address in Fresno, CA, noted above. Plaintiff *must* also file the original reply brief, together with a copy, with the Court at the Court's address in Fresno, CA, noted above.

Plaintiff's reply brief should respond to the arguments made in defendant's responsive brief.

III. <u>Motion to Dismiss</u>

In some cases, instead of serving and filing an administrative record, defendant may file a motion to dismiss the case pursuant to Fed.R.Civ.P. 12., within **one hundred twenty (120) days** from the date defendant is served with plaintiff's complaint.

Plaintiff may oppose a motion to dismiss by filing and serving opposition to the motion within **fourteen (14) days** from the date the motion to dismiss was served on plaintiff, and should be titled "Opposition to Defendant's Motion to Dismiss." <u>See</u> Local Rule 230(c).

//

6

1  The Court will consider a motion to dismiss only after
2 receiving opposition from plaintiff, or after the time for filing
3 opposition has passed.  In ruling on a motion to dismiss the
4 case, the Court may either (1) deny the motion and proceed with
5 the case, ordering the parties to proceed to file the
6 administrative record, attempt informal resolution, and file
7 briefs; or, (2) grant the motion to dismiss, and dismiss all or
8 part of the case.

### IV. The Court's Decision on the Merits

The Court will consider the merits of the case only after <u>all</u> briefs have been filed, and may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration.  The Court may or may not remand the case to the Social Security Administration for a further hearing.

### V. Summary of Deadline Calculations

| | | |
|---|---|---|
| See Section I. | Service | due **20** days after filing complaint |
| See Section I. | Administrative Record | due **120** days after service |
| See Section II. A. | Plaintiff's Opening Brief | due **95** days after administrative record lodged with court |
| See Section II. B. | Defendant's Brief | due **30** days after plaintiff's opening brief filed |
| See Section II. C. | Plaintiff's Reply Brief ~ **optional** | due **15** days after defendant's brief filed |

////
///
//
/

1    VI.   <u>Rules for Litigating the Action</u>

2          Plaintiff is informed of the following:

3          A.    In litigating this action, the parties *must* comply
4    with the Federal Rules of Civil Procedure (Fed.R.Civ.P.), and the
5    Local Rules of the United States District Court, Eastern District
6    of California ("Local Rules").  The current Local Rules effective
7    March 3, 2010 (totaling 270 pages), may be found on court's
8    website at www.caed.uscourts.gov.

9          Local Rule 206 is a special rule for social
10   security actions.  Specifically (a)(2) generally states that
11   complaints *shall* contain the last four digits of plaintiff's
12   social security number *only*, i.e., XXX-XX-1234, and that
13   plaintiff shall privately disclose to defendant, within **five (5)**
14   **days** after a request is made to plaintiff, the full social
15   security number of plaintiff.

16         Therefore, plaintiff shall refrain from disclosing
17   the entire social security number on any filings.

18         **<u>FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL</u>**
19   **<u>RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS</u>**
20   **<u>FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS</u>**.  <u>See</u> Local Rule
21   110; Fed.R.Civ.P. 41(b).

22         B.    Documents intended to be filed with the Court *must*
23   be mailed to the Clerk of the Court in Fresno, CA, at the address
24   noted above.  <u>See</u> Local Rule 134(a).  <u>All documents</u>
25   <u>inappropriately mailed directly to a judge's chambers will be</u>
26   <u>stricken from the record</u>.  A document requesting a court order
27   *must* be styled as a motion, <u>not</u> a letter.  <u>See</u> Fed.R.Civ.P. 7.
28   *//*

8

C.  Each document submitted for filing *must* include the original signature of the filing party or parties.  Local Rule 131; Fed.R.Civ.P. 11(a).  <u>All documents submitted without the required signature(s) will be stricken</u>.  Each separate document *must* be separately stapled.  <u>See</u> Local Rule 130.  If a document is stapled behind another document, it will not be filed and will not enter the court docket.

D.  All documents filed with the Court *must* be submitted with an additional legible copy to be conformed for the Court's use.  <u>See</u> Local Rule 133(d)(2).  <u>A document submitted without an extra copy for the Court's use will be stricken</u>.  If the filing party wishes the Court to return a file-stamped copy, an additional copy *must* be provided for that purpose (i.e., an original and two copies, one for the Court's use and one to be returned to the filing party), together with a self-addressed, stamped envelope.  <u>The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis</u>.  Copies of documents from the Court's file may be obtained in the Clerk's Office for fifty ($.50) cents per page.

E.  After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court *must* include a proof of service stating that a copy of the document was served on the opposing party.  *See* 28 U.S.C. § 1746; F.R.Civ.P. 5; Local Rule 135.  **A document submitted without the required proof of service on defendant will be stricken**.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

9

F.  A pro se party has an affirmative duty to keep the Court and opposing parties apprised of a current address.  If plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice.  See Local Rule 182(f).  If mail directed to plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  If plaintiff's address is not updated, in writing, within **sixty (60) days** of mail being returned, the action will be dismissed for failure to prosecute.  See Local Rule 183(b).

IT IS SO ORDERED.

**Dated:   May 4, 2010**                                /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE