# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. WEHR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant.<br>_____ / | CASE NO. 1:09-cv-02124-SMS<br><br>ORDER REMANDING CASE FOR ADDITIONAL ADMINISTRATIVE PROCEEDINGS<br><br>(Doc. 20) |

On January 6, 2011, the Commissioner moved to remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On January 18, 2011, Plaintiff filed a notice of non-opposition. In view of the parties' agreement and the Commissioner's account of legal and procedural deficiencies in its most recent evaluation of Plaintiff's disability, this Court orders that this case be remanded for further administrative proceedings.

**I.      Factual and Procedural Background**

In September 1998, having met the requirements of Section 12.05C relating to mental retardation, Plaintiff was found disabled. 20 C.F.R., Part 404, Subpt. P. App. 1 § 12.05C. On October 26, 2007, the agency notified Plaintiff that his disability had ceased and he was deemed able to work as of November 1, 2007. The notice advise Plaintiff of his right to appeal the decision to a Disability Hearing Officer ("DHO").

1    Following a January 12, 2009 hearing, the DHO agreed the Plaintiff's disability had
2 ceased. Plaintiff moved for reconsideration, which was denied.
3    Plaintiff then sought a hearing before an Administrative Law Judge ("ALJ"), which took
4 place on August 13, 2009. Plaintiff was not represented at the hearing. In a written decision
5 dated September 1, 2009, the ALJ determined that Plaintiff had the ability to work and that
6 Plaintiff's disability ended on November 1, 2007. The decision was based solely on agency
7 functional assessments and consultative examinations completed between July 2007 and April
8 2008, and compared to medical records from August 2001.
9    Plaintiff appealed to the Appeals Council, requesting that it review his complete case,
10 including records relating to the initial determination of his disability. The Council denied
11 Plaintiff's appeal. On December 7, 2009, Plaintiff filed a complaint with this Court.
12 **II.    Basis for Remand**
13    The agency must follow an eight-step process to determine whether an individual who the
14 agency has previously determined to be disabled is no longer disabled. 20 C.F.R. § 1594(f). If
15 the claimant is not working, and the ALJ determines that the claimant's impairment does not
16 meet or equal an impairment listed in 20 C.F.R., Part 404, Subpt. P. App. 1, the ALJ must
17 determine whether the claimant's medical condition has improved and whether that improvement
18 affects the claimant's ability to work. 20 C.F.R. § 416.994(b)(1). Because the ALJ used
19 September 4, 2001, rather than using records relevant to Plaintiff's favorable disability
20 determination, he failed to comply with the regulatory requirement that medical improvement be
21 determined in reference to the evidence relating to Plaintiff's impairment at the time of the last
22 favorable disability determination. *See* 20 C.F.R. § 416.994(b)(1)(I); 20 C.F.R. §
23 416.994(b)(1)(vii).
24    In addition, the ALJ failed to inquire whether Plaintiff, who proceeded without counsel,
25 understood his right to be represented and was capable of making an informed choice regarding
26 representation. The ALJ also failed to explain the hearing process and to advise Plaintiff of the
27 availability of free legal services.
28 ///

### III. **Conclusion and Order**

Accordingly, remand and rehearing are required to comply with applicable regulations and to ensure that Plaintiff's rights are fully protected. It is hereby ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner for a new hearing and determination. Upon remand, the ALJ shall make reasonable efforts to locate and obtain Plaintiff's prior file in order to conduct a continuing disability review in compliance with the regulations that require comparison of the evidence from the last favorable decision to the present. The ALJ's written decision shall document all such efforts. If the ALJ cannot obtain Plaintiff's prior file, he should obtain the assistance of an independent medical expert to assist in determining when--or if–Plaintiff's mental retardation improved. The ALJ shall also advise Plaintiff of his right to representation and must make it clear on the record that Plaintiff understands this right.

IT IS SO ORDERED.

**Dated:   February 7, 2011**                          /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE